**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LEA HAMILTON,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DA-0752-19-0350-X-1 |
| 　　　v. | |
| DEPARTMENT OF THE AIR FORCE,<br>　　　　　　Agency. | DATE: May 12, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lea Hamilton, San Antonio, Texas, pro se.

Chad E. Christenson, Esquire, Lackland Air Force Base, Texas, for the agency.

Charles R. Vaith, Esquire, and Major Kyle Little, Randolph Air Force Base, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1    In a March 31, 2020 compliance initial decision, the administrative judge found the agency in noncompliance with a September 25, 2019 settlement agreement that had been entered into the record for purposes of enforcement by the Board. *Hamilton v. Department of the Air Force*, MSPB Docket No. DA-0752-19-0350-C-1, Compliance File (CF), Tab 12, Compliance Initial Decision (CID); *Hamilton v. Department of the Air Force*, MSPB Docket No. DA-0752-19-0350-I-1, Initial Appeal File (IAF), Tab 26, Tab 27, Initial Decision (ID). Accordingly, the administrative judge granted the appellant's petition for enforcement and ordered the agency to comply with its obligations under the terms of the settlement agreement. CID at 5. For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2    On September 25, 2019, the parties entered into a settlement agreement resolving the appellant's removal appeal. IAF, Tab 26. The agreement provided, among other things, that the agency would pay the appellant $15,000 by electronic funds transfer. *Id.* at 1. On January 23, 2020, the appellant filed a petition for enforcement alleging that she had still not received the $15,000. CF, Tab 1. In the compliance initial decision, the administrative judge found that the agency's delay in paying the appellant was unreasonable and constituted a material breach of the settlement agreement. CID at 3-4. Accordingly, she granted the appellant's petition for enforcement and ordered the agency to pay the appellant $15,000 by electronic funds transfer within 20 days. CID at 5.

¶3    The compliance initial decision informed the agency that, if it decided to take the actions required by the decision, it must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it has taken the actions identified in the compliance initial

decision, along with evidence establishing that it has taken those actions. CID at 5-6; 5 C.F.R. § 1201.183(a)(6)(i). The compliance initial decision also informed the parties that they could file a petition for review if they disagreed with the compliance initial decision. CID at 6-7; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii).

¶4      On May 5, 2020, the agency informed the Board that it had complied with the compliance initial decision and submitted evidence reflecting that the Defense Finance and Accounting Service (DFAS) paid the appellant $15,000 on April 8, 2020. *Hamilton v. Department of the Air Force*, MSPB Docket No. DA-0752-19-0350-X-1, Compliance Referral File (CRF), Tab 1. In a May 6, 2020 acknowledgment order, the Clerk of the Board notified the appellant that she could respond to the agency's submission within 20 days and that, if she did not respond, the Board may assume she was satisfied and dismiss her petition for enforcement. CRF, Tab 2. The appellant did not respond.

¶5      A settlement agreement is a contract and, as such, will be enforced in accordance with contract law. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Id*. When the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance. *Id*. The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence. *Id*.

¶6      As described above, in the compliance initial decision, the administrative judge found that the agency failed to establish that it had complied with its obligation to pay the appellant $15,000. CID at 3. The agency's submissions show that it has now reached full compliance with this obligation. In particular, as set forth above, the agency provided evidence reflecting that DFAS paid the appellant $15,000 on April 8, 2020. CRF, Tab 1. As the appellant has not

responded to the agency's assertions and evidence of compliance, the Board assumes that she is satisfied. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶7    In light of the foregoing, we find that the agency is now in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.